**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JENNIFER BLACK, on behalf of herself and a class, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| CARDWORKS SERVICING, LLC, | ) ) |
| Defendant. | ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff Jennifer Black brings this action to secure redress from unlawful collection practices engaged in by defendant Cardworks Servicing, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

**VENUE AND JURISDICTION**

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because:

 a. Defendant's collection communications were received by plaintiff within this District;

 b. Defendant does or transacts business within this District.

**PARTIES**

4. Plaintiff Jennifer Black is an individual who resides in the Northern District of Illinois.

5. Defendant Cardworks Servicing, LLC is a limited liability company chartered under Delaware law with offices at 225 West Station Square Drive, Pittsburgh, PA 15219, and 101 Crossways Park West, Woodbury, NY 11797. It does business in Illinois. Its registered agent and

office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

6. Cardworks Servicing, LLC is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

7. Cardworks Servicing, LLC is a debt collector as defined in the FDCPA.

## FACTS

8. Defendant has been attempting to collect from plaintiff an alleged debt consisting of an old Merrick Bank credit card account incurred for personal, family or household purposes and not for business purposes.

9. The debt went into default status prior to 2004.

10. On or about October 11, 2011, defendant Cardworks Servicing, LLC sent plaintiff the letter attached as Exhibit A, offering to settle the Merrick Bank account.

11. Exhibit A is a form letter.

12. Exhibit A is routinely sent by Cardworks Servicing, LLC to debtors whose debts were charged off more than 7.5 years previously.

13. Exhibit A states that "Our client may report information about your account to credit bureaus, late payments, missed payments, or other defaults on your account may be reflected in your credit report."

14. Exhibit A further states that "After your settlement is complete, Merrick Bank will forgive any remaining balance and report to the credit bureau agencies that this account has settled."

15. The age of information that may be appear on a credit report is governed by 15 U.S.C. §1681c:

> **§ 1681c. Requirements relating to information contained in consumer reports**
>
> **(a) Information excluded from consumer reports. Except as authorized under subsection (b), no consumer reporting agency may make any consumer report containing any of the following items of information: . . .**
>
> > **(4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years. . . .**

>**(5) Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years. . . .**
>
>**(c) Running of reporting period.**
>
>**(1) In general. The 7-year period referred to in paragraphs (4) and (6) of subsection (a) shall begin, with respect to any delinquent account that is placed for collection (internally or by referral to a third party, whichever is earlier), charged to profit and loss, or subjected to any similar action, upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action. . . .**

16. Credit reporting agencies (credit bureaus) do not have information about debt charged off more than 7.5 years previously appear on the credit reports which they normally furnish.

17. The only applicable exceptions concern special credit reports intended to be used in connection with credit transactions or life insurance involving $150,000 or more and employment at more than $75,000/ year.

18. The statements about "your credit report" in <u>Exhibit A</u> were meant to refer to ordinary credit reports.

19. The statements in <u>Exhibit A</u> concerning credit reporting are false.

## COUNT I – FDCPA

20. Plaintiff incorporates paragraphs 1-19.

21. The above-quoted statements in <u>Exhibit A</u> violated of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(8) and 1692e(10).

22. 15 U.S.C. 1692e provides:

>**§ 1692e. False or misleading representations**
>
>**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
>**(2) The false representation of--**

    **(A)** **the character, amount, or legal status of any debt; . . .**

   **(5)** **The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

   **(8)** **Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

   **(10)** **The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

23. Plaintiff brings this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

24. The class consists of (a) all natural persons with Illinois or Indiana or Wisconsin addresses (b) who were sent a letter in the form represented by Exhibit A (c) which letter was sent on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, and (d) which letter concerned a debt which had been placed for collection (internally or by referral to a third party) or charged to profit and loss 7 years and 180 days prior to the date of the letter.

25. On information and belief, based on the use of a form letter and the size of Cardworks' business, the class members are so numerous that joinder is impracticable.

26. On information and belief, there are more than 50 natural persons with Illinois or Indiana or Wisconsin addresses who were sent a letter in the form represented by Exhibit A, which letter was sent on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action, and which letter concerned a debt which had been placed for collection (internally or by referral to a third party) or charged to profit and loss 7 years and 180 days prior to the date of the letter.

27. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The

predominant common questions are:

        a.       Whether the quoted statements in <u>Exhibit A</u> are misrepresentations;

        b.       Whether <u>Exhibit A</u> violates the FDCPA.

28.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

29.    Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

30.    A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

        (1)       Statutory damages;

        (2)       Attorney's fees, litigation expenses and costs of suit;

        (3)       Such other and further relief as the Court deems proper.

        s/Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)